

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# USA v. Moody

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2120

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. Moody" (2007). *2007 Decisions*. Paper 1423.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1423

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-2120

———

UNITED STATES OF AMERICA,

v.

SHARON MOODY,

Appellant

———

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 05-cr-00711-9)

District Judge: Honorable Bruce W. Kauffman

———

Submitted pursuant to Third Circuit L.A.R. 34.1(a)
March 15, 2007

Before: FUENTES, GREENBERG, LOURIE,* Circuit Judges.

(Filed: March 28, 2007)

---

* Honorable Alan D. Lourie, United States Circuit Judge for the Federal Circuit,
sitting by designation.

_____

OPINION

_____

FUENTES, <u>Circuit Judge</u>.

Sharon Moody appeals her sentence, which was imposed after she pleaded guilty pursuant to a cooperation plea agreement, to one count of conspiracy to distribute heroine, cocaine, and cocaine base, in violation of 21 U.S.C. § 846, and one count of distribution of heroine within 1,000 feet of a school (and aiding and abetting), in violation of 21 U.S.C. § 841(a)(1), 860 and 18 U.S.C. § 2.

After granting the government's motion for departure pursuant to Section 5K1.1 of the United States Sentencing Guidelines and considering the 18 U.S.C. § 3553(a) factors, the District Court imposed a sentence of 72 months imprisonment, a six-year term of supervised release, and a special assessment of $200. The 72 months' imprisonment that the Court imposed was a significant downward departure from the applicable Guidelines range of 262-327 months imprisonment.

On appeal, Moody argues that although she was sentenced below the guidelines range, the sentence was greater than necessary under 18 U.S.C. § 3553(a)(2) and therefore unreasonable. Since her arrest in 1999, Moody claims she has stayed off drugs and works at the Philadelphia Workforce Development Corporation (an organization that assists people making the transition from welfare to work). She argues that her rehabilitation and family situation (she is the mother of five, and primary caretaker for

2

three of her minor children) were not adequately taken into account by the District Court. Moody also argues that another defendant who played a similarly limited role in the conspiracy received "significant departures" from the guidelines. She suggests that they were more significant than what she received.

We review a District Court's imposition of a criminal sentence for reasonableness. United States v. Booker, 543 U.S. 220, 261 (2005); United States v. Dragon, 471 F.3d 501, 505 (3d Cir. 2006); United States v. Cooper, 437 F.3d 324, 329 (3d Cir. 2006). Cooper established the framework for our review, explaining that "we must first be satisfied the court exercised its discretion by considering the relevant factors." 437 F.3d at 329. "[T]he court is not required to discuss and make findings as to each of the § 3553(a) factors 'if the record makes clear the court took the factors into account in sentencing.' " Dragon, 471 F.3d at 505 (quoting Cooper, 437 F.3d at 329). Nor are there any magic words that a district judge must use when sentencing, as long as the record shows "that the court considered the § 3553(a) factors and any sentencing grounds properly raised by the parties which have recognized legal merit and factual support in the record." Cooper, 437 F.3d at 329. Moreover, "district judges are not required by the parsimony provision to routinely state that the sentence imposed is the minimum sentence necessary to achieve the purposes set forth in § 3553(a)(2)." Dragon, 471 F.3d at 506.

Considering these principles, we deny Moody's appeal because the record reveals that the Court carefully considered her rehabilitation, family situation, and the sentences

received by similarly situated defendants in the conspiracy—indeed, the Court adequately addressed all of the § 3553 factors. The Court stated at sentencing that Moody's "extraordinary rehabilitation was taken very much into account" in her sentence. The Court also considered Moody's children's testimony about her recovery while out on bail.

The Court balanced these factors, however, against the seriousness of the drug crimes charged. For ten years Moody had significant involvement in the Darien Street Drug Organization. As a "caseworker," Moody was responsible for supplying heroin to street sellers on a daily basis from her home, where she also permitted the Organization to bag drugs every night. The record shows that other defendants with similar levels of involvement received sentences similar to or greater than Moody's. Although one defendant with similar involvement received a lower sentence of 57 months imprisonment, the government had argued that she had cooperated more extensively than Moody.

Based on the record, it is clear that Moody's sentence was reasonable. We have considered all of Moody's remaining arguments and conclude that they are without merit. Accordingly, we will affirm the judgment of sentence.